[PHILADELPHIA, FEBRUARY 6th, 1841.]

6wh 216
38SC 4479

## TUTTLE *against* THE MECHANICS and TRADESMAN'S LOAN COMPÁNY.

1. Under the act of the 27th of February, 1798, when the Court in Bank have made an order upon a party to produce at the trial certain specified writings, the judge at Nisi Prius cannot inquire whether they are pertinent to the case, or whether they would or would not be evidence if produced.

2. The party upon whom the order has been made, must either produce the writings named in it, or satisfy the judge why it is not in his power to produce them.

3. On the trial of an action against a corporation, upon whom an order had been made to produce certain papers, the defendant's solicitor swore that when he received notice of the order, about a year previously, he left it with the cashier of the company. That the office of the company had been removed a few weeks previously; and that he had on the morning of the trial searched in the office for the papers without success. No other officer of the company was produced : *Held*, that the non-production of the papers was not satisfactorily accounted for. ·

4. Under peculiar circumstances, the Court will direct the assessment of damages upon a judgment given against a defendant in consequence of the non-production of papers, to be made at Nisi Prius.

THIS was a special action upon the case, brought by Edward Tuttle against the Mechanics and Tradesman's Loan Company of Philadelphia, for refusing to permit the transfer on the books of the company, of fifty shares of the capital stock of the company, under a power of attorney from J. P. Norris to the plaintiff. The stock stood in the name of Mr. Norris on the books of the company.

On the trial of the case, before his Honour Judge SERGEANT, at a Court of Nisi Prius, held at Philadelphia on the 17th of November, 1840, the plaintiff produced the following affidavit and rule of court, made by the Supreme Court in bank at December Term, 1839.

" *Tuttle* v. *The Mechanics and Tradesman's Loan Company.* January 25th, 1839, affidavit of the plaintiff filed; and on motion of Samuel H. Perkins, Esq., attorney for the plaintiff, rule to show cause why the defendants should not produce, on the trial of the cause, the books and papers named in the affidavit.

(Tuttle *v.* The Mechanics and Tradesman's Loan Co.)

" February 2d, 1839 : and now on hearing rule absolute."

The affidavit of the plaintiff on which the rule was granted, was as follows :—

" Edward Tuttle, the above-named plaintiff, on oath says, that the defendants have in their possession or power, the following books and papers which contain evidence pertinent to the issue in the above case, to wit:

1. A power of attorney from J. P. Norris, Jr. to the deponent, dated February 16th, 1837.

2. A certificate, No. 119, for 50 shares of the capital stock of the company to Jos. P. Norris, Jr.

3. A letter from this deponent to the president and cashier of the said company, dated October 18th, 1837.

4. A letter from the deponent's attorney to the defendants' attorney, dated September 28th, 1837.

5. A letter from the same to the same, dated July 11th, 1837.

6. A letter from the deponent's attorney to the president and cashier of the said company, dated May 11th, 1837.

7. A notice from the deponent to the defendants, dated April 26th, 1837.

8. A letter from the plaintiff's attorney to the defendants, dated May 11th, 1837.

9. A letter from the plaintiff's attorney to the defendants' attorney, dated September 22d, 1837."

In answer to this rule of court, the defendants' counsel produced the three first papers, but none of the others.    To account for their non-production, the solicitor of the company was examined; who testified, that when he received notice of this rule in the winter of 1839, the office of the defendants was in Sixth street, opposite Minor street; that he immediately left an order with the cashier to procure the papers; that three or four weeks since, the office of the defendants was removed from Sixth street to Walnut street near Third street; that he, together with the cashier, had that morning examined all the files of letters, papers and miscellaneous papers, from the beginning of 1837 to the present time, and had searched for all they could find in the office; that he did not know of any search before that morning; that he did not know of any papers missing from that office; that the papers produced were all that could be found; that he knew of no particular reason to believe they were lost in removal; and that the present president and cashier of the company had been in office ten or twelve months.

The defendants' counsel also offered to allow copies of such papers as were not produced, to be read in evidence, if the originals would be competent evidence if produced.

(Tuttle *v.* The Mechanics and Tradesman's Loan Co.)

The plaintiff insisted on his right to judgment under the act of assembly of the 27th of February, 1798; and asked that the jury might be discharged, in order that he might move the court in bank for judgment; and on argument, the learned judge discharged the jury, with liberty to the plaintiff to move the court in bank for judgment.

On the 15th of December, 1840, a rule was granted on the defendants to show cause why judgment should not be entered against them for not producing the papers on the trial, agreeably to the order of court.

Mr. *Perkins,* in support of the rule.

The course taken in this case is that pointed out in *M'Dermot* v. *The United States Ins. Co.,* (1 *Serg. & Rawle,* 357.) The case of *Rose* v. *King,* (5 *Serg. & Rawle,* 241,) was decided on the defect of the notice and the affidavit. The time for resisting the order, is on the return of the rule to show cause why it should not be made. *Wright* v. *Crane,* (13 *Serg. & Rawle,* 450.) *Worman* v. *Boyer,* (14 *Serg. & Rawle,* 213.) *Cowles* v. *Cowles,* (2 *Penna. Reports,* 139.) *M'Nair* v. *Williams,* (3 *Wharton's Rep.* 551.) The defendants gave no sufficient reason for not complying with the order. Neither the present, nor former president or cashier was offered to prove the loss of the papers; nor any clerk of the company. If the papers were lost or destroyed after the order of the court in bank and before the trial, the defendants should have moved the court in bank to rescind or modify the order as suggested in *M'Nair* v. *Williams.*

Mr. *Badger,* contra, contended that every thing had been done by the defendants that was required by law or reason. Every paper pertinent to the issue, was produced. As to the papers not produced, many of them would not have been admissible in evidence; and due search had been made for them. *Wright* v. *Crane,* (13 *Serg. & Rawle,* 447.) At all events, if the court decide against us, we ought not to be sent to a sheriff's jury. The case ought to be heard at Nisi Prius.

The opinion of the Court was delivered by

SERGEANT, J.—When the court in bank have, under the provisions of the act of assembly of the 27th February, 1798, made an order on the defendants to produce at the trial certain writings specified, the judge at Nisi Prius cannot inquire whether they are pertinent to the issue, or whether they would or would not be evidence, if produced. The order of the court is peremptory and conclusive on these points. It is when the rule is about being granted, that the party should make his objections, if he relies upon them; and if they

(Tuttle *v.* The Mechanics and Tradesman's Loan Co.)

are valid, the rule will be refused or modified according to circumstances. And perhaps a case might arise where, even after granting the rule, it might be rescinded; but that could only be done by the court in bank. If neither of these courses be taken, but the rule is made absolute, it is to be presumed the court were satisfied when they made the rule, that the evidence was pertinent to the issue, and that the party should produce it. Whether, on being produced, it would be competent evidence, is another question, which cannot arise where the party withholds the evidence at the trial, and refuses to produce it under the rule.

The defendants then, according to the act of assembly, when such a rule is made, must either produce the writings named in it, or satisfy the judge why it is not in his power to produce them. These are the only answers he can make at the trial; and as the defendant in the present case, withheld several of the papers ordered to be produced, the only question is, whether the evidence he gave to account for the non-production of them, was satisfactory. The judge who tried the cause, thought it was not; and the court are of the same opinion. Though the counsel made all the search he could, on the morning of the trial, yet we think the officers of the institution, or some of them, ought to have been produced, to account for these papers, or show that they had used due diligence to discover them. Instead of that, neither the former president and cashier were offered, nor the present, nor any clerk of the institution; to some of whom, it appears, the notice had been delivered a year ago. If the officers of a corporate institution are so remiss in attending to the order of the court in a suit depending, they can lay little claim to the merit of diligence.

Under the peculiar circumstances of the case, however, we deem it proper, in accordance with the request of the defendants' counsel, that the assessment of damages should be made in court, agreeably to the act of 1772, as was done by the District Court in *Crane* v. *Wright*, (13 *Serg. & Rawle*, 447.)

> Judgment for the plaintiff: and damages to be inquired into and assessed at the Court of Nisi Prius.